# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UT VAN HUYNH,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DAVID LONG,<br><br>　　　　　Respondent. | Case No. 14-cv-00515-BAS(BLM)<br><br>**ORDER:**<br><br>**(1) OVERRULING PETITIONER'S OBJECTIONS (ECF NO. 18);**<br><br>**(2) ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY (ECF NO. 17);**<br><br>**(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1); AND**<br><br>**(4) DENYING MOTION REQUESTING CERTIFICATE OF APPEALABILITY (ECF NO. 19)** |

On February 7, 2014, Petitioner Ut Van Huynh ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254 challenging the validity of his state court conviction for sexual intercourse with a child ten years or younger. (ECF No. 1 ("Pet.").) On May 14, 2014, Respondent David Long ("Respondent") filed an answer to the Petition. (ECF No. 13.) Petitioner filed a traverse on June 30, 2014. (ECF

No. 16.) On August 27, 2014, United States Magistrate Judge Barbara L. Major issued a Report and Recommendation ("Report") recommending that this Court deny the Petition. Judge Major ordered any written objections to be filed no later than September 26, 2014, and any replies to be filed no later than October 17, 2014. Petitioner filed objections to the Report on October 2, 2014. (ECF No. 18 ("Objection").)

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report in its entirety, and **DENIES** the Petition for Writ of Habeas Corpus.

I.   LEGAL STANDARD

The Court reviews *de novo* those portions of the Report to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

## II. ANALYSIS[1]

Petitioner asserts two claims in his Petition: (1) denial of his constitutional right to due process; and (2) cruel and unusual punishment under the Constitution. (Pet. at 5.) In a thorough and well-reasoned Report, Judge Major found that all of Petitioner's claims lacked merit and recommended that this Court deny the Petition in its entirety. Petitioner objects to Judge Major's findings and recommendations as to his first claim. Respondent did not file a reply.

### A. Claim One: Denial of Constitutional Right to Due Process

Petitioner's first claim asserts that his constitutional rights to due process and a fair trial were denied when the trial court erroneously denied his motion to suppress his statements to the police, which he claims were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). (Pet. at 5, 12-13.) The Report recommends that Petitioner's first claim be denied. (Report at p. 17.) Petitioner presents the following three arguments in his objections in response to Judge Major's recommendation: (1) Judge Major only used "bits and pieces of the police interview to try and demonstrate [P]etitioner clearly understood his [*Miranda*] rights," when "[i]t is very clear that [P]etitioner does not possess the I.Q. or the level of education to fully understand the implication of those constitutional rights that are housed in [*Miranda*]" when the transcript is considered in its entirety; (2) Judge Major erred in determining the detective and agent properly advised Petitioner of his *Miranda* rights because the agent interpreter did not "possess the skill to accurately convey the very important constitutional rights to [P]etitioner in the interview," as he was not "specially trained, certified and licensed;" and (3) Judge Major erred in not allowing an evidentiary hearing. (Objection at pp. 2-3.) Upon reviewing Petitioner's first claim *de novo*, the Court finds that Petitioner's objections lack merit.

---

[1] The Court adopts and incorporates by reference all portions of the Report that Petitioner does not object to, including the factual background presented in the Report.

### 1. Waiver of *Miranda* Rights

In support of his first objection, Petitioner submits "a complete set of transcripts of [his] police interview," which took place on May 26, 2011. (*See* Objection at p. 3, 6-105.) This is the exact same transcript that was lodged by Respondent as part of the state court record and considered by Judge Major in issuing her Report. (*Cf. id.* at pp. 6-105 and ECF Nos. 14-2 at 92-126 and 14-3 at 1-66.) Petitioner argues that upon a thorough review of the police interview, no court could assert that Petitioner understood his right to remain silent and his right to counsel. (Obj. at p. 2.) However, both the trial court and appeals court disagreed, as did Judge Major. This Court has also thoroughly reviewed the transcript, as well as the underlying record and the Report. After conducting a *de novo* review of Petitioner's claim that he was not properly advised of his *Miranda* rights and did not knowingly and intelligently waive his *Miranda* rights, the Court agrees with and hereby adopts Judge Major's analysis.[2]

Petitioner claims Judge Major "seems to be simply parroting the State Court's reasoning for denying this petition." (*Id.*) As laid out by Judge Major, however, a federal habeas petition filed pursuant to 28 U.S.C. § 2254(d) shall not be granted with respect to a claim, unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Federal courts are prohibited from granting habeas relief unless

---

[2] The Court adds that while the Report cites *United States v. Botello-Rosales*, No. CR 08-385-RE, 2009 WL 3734117 (D. Or. Nov. 6, 2009), *rev'd*, 728 F.3d 865 (9th Cir. 2013), it does not cite it for the proposition that the English *Miranda* warnings cured any infirmity in the Vietnamese warnings, which the Report found reasonably conveyed to Petitioner his *Miranda* rights. (*See* Report at p. 13.)

a state court's decision falls into one of these exceptions. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Moreover, federal courts must presume the correctness of the state court's factual findings unless the petitioner rebuts this presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This is a "difficult to meet," and "highly deferential standard" for evaluating state-court rulings, which "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011) (citing *Harrington v. Richter*, 562 U.S. 86, 102 (2011), *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). This Court finds that Judge Major properly applied this highly deferential standard.

### 2. Interpreter's Qualifications

In his second objection, Petitioner appears to object to the qualifications of Agent Pham, the agent who acted as an interpreter during Petitioner's interview and assisted in advising him of his *Miranda* rights. Petitioner argues:

> [T]he ICE agent is clear [sic] that he does not possess the skill to accurately convey the very important constitutional rights to petitioner in the interview. In any Court in this nation, anyone that engages in the practice of translating [a] foreign language for legal purposes, must first be specially trained, certified and licensed. Only then can a person work in that capacity.

(Objection at p. 2.)

Generally, when a petitioner is proceeding *pro se*, a district court will consider arguments raised for the first time in objections to a magistrate judge's report. *See Sossa v. Diaz*, 729 F.3d 1225, 1231 (9th Cir. 2013) (noting that a district court abuses its discretion when it fails to consider new arguments or evidence proffered by a *pro se* habeas petitioner in objecting to a magistrate judge's report and recommendation). However, here, any claim that the interpreter needed to be certified was expressly disclaimed in the Petition. In his Petition, Petitioner asserts that "Agent Pham was not a certified translator and did not accurately translate *Miranda* rights to petitioner." (Pet. at p. 2.) In a subsequent footnote, however, Petitioner states: "[P]etitioner does

not argue that a certified translator was required." (*Id*. at p. 2, n.2.)[3] Therefore, the Court construes this objection to be focused on whether or not the Agent Pham spoke Vietnamese with sufficient fluency to act as an interpreter in this situation.

"Whether an individual speaks a foreign language with sufficient fluency to act as a translator in a given situation is a question of fact." *United States v. Romo-Chavez*, 681 F.3d 955, 960 (9th Cir. 2012), *cert. denied*, 133 S.Ct. 995 (2013). In his Petition, the Petitioner asserts "[t]here was no evidence of agent Pham's level of comprehension of the Vietnamese language, or that he went to school to act as an interpreter. Moreover, it is evident from agent Pham's body language in the video that he struggled with translating Detective William's words." (Pet. at p. 3.) Respondent lodged the reporter's transcripts of the motion to suppress hearing and the trial with this Court. (*See* ECF Nos. 14-6 and 14-7.) The transcripts reveal that Agent Pham testified during the trial. (*See* ECF No. 14-7 at 164.) Agent Pham testified that he is fluent in the Vietnamese language and that the Vietnamese language is his "first language." (*Id*. at 165.) He also testified that he took Vietnamese classes growing up. (*Id*.) Petitioner's counsel had an opportunity to cross-examine Agent Pham on his language skills during the trial. (*Id*. at 167-68.)

In its decision, the state appellate court states that Agent Pham, a special agent with the United States Department of Homeland Security, "is fluent in both Vietnamese and English." (ECF No. 14-11 at 6-7.) The decision further states that during the interview, "[w]hen [Petitioner] did not understand, he asked Agent Pham

---

[3] However, to the extent Petitioner is making this argument, this Court finds the state court's decision was not contrary to, or involved an unreasonable application of, clearly established federal law. The state appellate court considered this argument on appeal, finding that "[Petitioner] cites no authority, and we have found none, that requires a certified interpreter to translate the *Miranda* rights." (ECF No. 14-11 at 17.) In both his Petition and his Objection, Petitioner again cites no authority in support of this argument, and the Court has found none. Thus, this objection is overruled.

to translate in Vietnamese and then responded appropriately in English." (*Id*. at 7.) The state appellate court ultimately held that Agent Pham "explained each of [Petitioner's] rights in Vietnamese" and "adequately translated the *Miranda* rights to Vietnamese," and, after reviewing the videotape, concluded that "it is apparent [Petitioner] did understand his rights." (ECF No. 14-11 at 17-18.)

The state appellate court therefore found, as a matter of fact, that Agent Pham spoke the Vietnamese language with sufficient fluency to act as a translator in the given situation. On an application for a writ of habeas corpus, "a determination of a factual issue made by a State court shall be presumed to be correct," unless the Petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Petitioner does not offer any evidence, much less clear and convincing evidence, to suggest that Agent Pham was not fluent in Vietnamese and did not speak Vietnamese with sufficient fluency to act as a translator in the interview. Moreover, this Court has thoroughly reviewed the interview transcript and there is nothing to suggest that Agent Pham struggled with comprehending or translating the Vietnamese language. Accordingly, this objection is overruled.

### 3. Evidentiary Hearing

Petitioner requests an evidentiary hearing on the basis he has made a prima facie case for relief, thus requiring the Court to issue an order to show cause. (Objections at p. 4.) Petitioner contends he has demonstrated, using the police interview transcript, that he did not understand his *Miranda* rights and has therefore "demonstrated that the decisions of the state courts [sic] was [sic] contrary to and or an unreasonable application of well established United State[s] Supreme Court precedent." (*Id*.) In her Report, Judge Major addressed Petitioner's request for an evidentiary hearing. (*See* Report at p. 22.) Judge Major found that Petitioner failed to make "any arguments that further factual development is necessary, such that an evidentiary hearing would be warranted." (*Id*. at lines 18-21.)

"Where a habeas petitioner has not failed to develop the factual basis of his claim in state court as required by 28 U.S.C. § 2254(e)(2), an evidentiary hearing is required if (1) the petitioner has shown his entitlement to an evidentiary hearing pursuant to *Townsend v. Sain*, 372 U.S. 293, 313 (1963), and (2) the allegations, if true, would entitle him to relief." *Hurles v. Ryan*, 752 F.3d 768, 791 (9th Cir. 2014), *cert. denied*, 135 S.Ct. 710 (2014); *see also Stanley v. Schriro*, 598 F.3d 612, 624 (9th Cir. 2010). In *Townsend*, the Supreme Court concluded that a federal district court must grant an evidentiary hearing if:

> (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

372 U.S. at 313.

None of these circumstances is present here. Petitioner had a full and fair opportunity in state court to develop his claim that he did not understand his *Miranda* rights, and make a full and knowing waiver of those rights, and there are no allegations of newly discovered evidence. Because he has not alleged any material fact which he did not have a full and fair opportunity to develop in state court and which, if proved, would show his entitlement to habeas relief, Petitioner is not entitled to an evidentiary hearing in this case. *See also Cullen*, 131 S.Ct. at 1398 (scope of review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (if record refutes applicant's factual allegations or otherwise precludes habeas relief, court not required to hold evidentiary hearing); *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002) (evidentiary hearing properly denied where the petitioner "failed to show what more an evidentiary hearing might reveal

of material import"), *cert. denied*, 537 U.S. 1117 (2003). Based on the foregoing, the Court finds Petitioner has failed to show a compelling need for an evidentiary hearing, but more importantly, has failed to demonstrate that Judge Major's conclusion was erroneous.

### III. CONCLUSION & ORDER

After considering Petitioner's objections and conducting a *de novo* review of those objected to portions of the Report, the Court concludes that the magistrate judge's reasoning in the Report is sound. Petitioner has failed to present any evidence suggesting that the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the relevant state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). Petitioner has also failed to demonstrate that further factual development is necessary, such that an evidentiary hearing would be warranted. *See* 28 U.S.C. § 2254(e)(2).

In light of the foregoing, the Court **OVERRULES** Petitioner's objections, **APPROVES** and **ADOPTS** the Report in its entirety, and **DENIES** Petitioner's Petition for Writ of Habeas Corpus.

///
///
///
///
///
///
///
///
///

1    Petitioner requests a certificate of appealability. A certificate of appealability
2 may issue only if the applicant makes a substantial showing of the denial of a
3 constitutional right. 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must
4 show that reasonable jurists could debate whether the petition should have been
5 resolved in a different manner or that the issues presented were adequate to deserve
6 encouragement to proceed further. *Miller-El*, 537 U.S. at 336 (quoting *Slack v.
7 McDaniel*, 529 U.S. 473, 484 (2000)). Here, Petitioner has not made the requisite
8 showing. Because reasonable jurists would not find the Court's assessment of the
9 claims in the Petition debatable or wrong, the Court **DECLINES** to issue a certificate
10 of appealability. *See Slack*, 529 U.S. at 484. Accordingly, Petitioner's motion
11 requesting a certificate of appealability is **DENIED** (ECF No. 19).

12    **IT IS SO ORDERED.**

14 **DATED: August 18, 2015**

Hon. Cynthia Bashant
United States District Judge